1   NOSSAMAN LLP
    Thomas D. Long, State Bar No. 105987
2   tlong@nossaman.com
    David Graeler, State Bar No. 197836
3   dgraeler@nossaman.com
    Bradford B. Kuhn, State Bar No. 245866
4   bkuhn@nossaman.com
    Harleen Kaur, State Bar No. 260229
5   hkaur@nossaman.com
    777 S. Figueroa Street, 34th Floor
6   Los Angeles, CA 90017
    Telephone:  213.612.7800
7   Facsimile:  213.612.7801

8
    Attorneys for Defendant Sprint Corporation; Sprint
9   Communications, Inc.; Nextel Communications, Inc.; Nextel of
    California, Inc.; Nextel West Corp.; Nextel Communications of
10  the Mid-Atlantic, Inc.; and Nextel of Texas, Inc.

11

12                UNITED STATES DISTRICT COURT

13               CENTRAL DISTRICT OF CALIFORNIA

14                      WESTERN DIVISION

15

| 16 | PUBLIC STORAGE, a Maryland real estate investment trust, | Case No:   2:14-cv-02594-GW (PLAx) |
|---|---|---|
| 17 | | |
| 18 | Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 19 | vs. | |
| 20 | SPRINT NEXTEL CORPORATION, a Kansas corporation; NEXTEL COMMUNICATIONS, INCORPORATED, a Delaware corporation; NEXTEL OF CALIFORNIA, INCORPORATED, a Delaware corporation; NEXTEL WEST CORPORATION, a Delaware corporation; NEXTEL OF NEW YORK, INCORPORATED, a Delaware corporation; NEXTEL OF TEXAS, INCORPORATED, a Texas corporation; DOES 1 through 100, inclusive, | |
| 21 | | |
| 22 | | Complaint Filed:  March 5, 2014 |
| 23 | | FAC Filed: April 1, 2014 |
| 24 | | Case Removed: April 4, 2014 |
| 25 | | |
| 26 | | |
| 27 | Defendant. | |
| 28 | | |

1    The Court has considered the Stipulation for Protective Order between

2  Defendants Sprint Corporation, Sprint Communications, Inc. (f/k/a Sprint Nextel

3  Corporation), Nextel Communications, Inc., Nextel of California, Inc., Nextel West

4  Corporation, Nextel Communications of the Mid-Atlantic, Inc., and Nextel of

5  Texas, Inc. (collectively, the "Defendants"), on the one hand, and Plaintiff Public

6  Storage ("Plaintiff" or "Public Storage"), filed on September 30, 2014.

7    For the reasons stated therein and good cause appearing, the Court hereby

8  ORDERS as follows:

9    **1.    GOOD CAUSE STATEMENT**

10    Federal Rule of Civil Procedure 26(c) permits the granting of a protective

11  order upon a showing of good cause, and provides that the protection of a trade

12  secret or other confidential research, development, or commercial information is a

13  proper basis for the issuance of a protective order.

14    This is a breach of contract lawsuit.  The threshold issue in the case is

15  whether one or more of the Sprint Defendants were within their rights under its

16  master lease agreement with Public Storage (the "1999 MLA") to terminate eleven

17  site leases.  Resolution of this issue and an analysis of damages may require

18  discovery into the parties' confidential lease negotiations, site selection process,

19  lease terms generally, information relating to unrelated properties and landlords

20  including , but not limited to, lease terms, market rates, and locations; and trade

21  secret, confidential and proprietary information relating to the Defendants' network

22  technology, including without limitation structure, equipment deployment, antenna

23  configurations, radio frequency analysis, and testing of sites.

24    The Sprint Defendants contend that information relating to the adoption of

25  Network Vision, which is a modernization of their network technology, including

26  without limitation internal business cases, financial projections and budgets,

27  analysis of Defendants' competition, schedules, deployment plans and schedules,

28

1   and the decisions to decommission the iDen network, and the implementation

2   Network Vision, including lease interpretation and negotiations with landlords to

3   terminate leases, site testing and analysis to ensure appropriate coverage for the

4   modernized network and to determine redundancy within the network, and the

5   removal of iDen network infrastructure from terminated sites and construction of

6   sites to house the infrastructure supporting the modernized network, also warrant

7   protection.  In the highly competitive and constantly evolving wireless industry,

8   disclosure of this information into the public domain would impose undue

9   competitive harm on the parties.

10      Plaintiff contends that documents and information regarding its lease

11   negotiations, business strategies (including without limitation documents and

12   communications relating to the placement of cellular telephone towers on

13   Plaintiff's properties), communications with tenants, financial documents

14   (including without limitation those related to lease payment terms), analysis of the

15   appropriateness of sites for cellular telephone towers, and documents regarding

16   lease modifications (including without limitation those related to equipment

17   replacements) are confidential and warrant protection.  Public disclosure of these

18   categories of documents and information would permit competitors to gain

19   valuable insight into Plaintiff's business strategies and operations, which in turn

20   could be used to Plaintiff's disadvantage.

21      The [Proposed] Stipulated Protective Order is geared toward allowing

22   resolution of the issue in this case without imposing undue competitive harm on

23   the parties.  The parties acknowledge that this Order does not confer blanket

24   protections on all disclosures or responses to discovery and that the protection it

25   affords from public disclosure and use extends only to the limited information or

26   items that are entitled to confidential treatment under the applicable legal

27   principles. The parties further acknowledge that this Stipulated Protective Order

28

does not entitle them to file confidential information under seal; Local Civil Rule 79 et seq. set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.2     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.3     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action, have appeared in this action on behalf of that party, or are affiliated with a law firm which has appeared on behalf of that party.

2.4     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.5     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1      2.8    "CONFIDENTIAL" Information or Items:  information (regardless of

2 how it is generated, stored or maintained) or tangible things that merit confidential

3 treatment under Federal Rule of Civil Procedure 26(c).

4      2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

5 Information or Items: extremely sensitive "CONFIDENTIAL Information or

6 Items," disclosure of which to another Party or Non-Party would create a

7 substantial risk of serious harm that could not be avoided by less restrictive means.

8      2.10    Disclosure or Discovery Material:  all items or information, regardless

9 of the medium or manner in which it is generated, stored, or maintained (including,

10 among other things, testimony, transcripts, and tangible things), that are produced

11 or generated in disclosures or responses to discovery in this matter.

12      2.11    Protected Material:  any Disclosure or Discovery Material that is

13 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

14 ATTORNEYS' EYES ONLY."

15      2.12    Producing Party:  a Party or Non-Party that produces Disclosure or

16 Discovery Material in this action.

17      2.13    Receiving Party:  a Party that receives Disclosure or Discovery

18 Material from a Producing Party.

19      2.14    Requesting Party:  a Party that requests Disclosure or Discovery

20 Material from a Producing Party.

21      2.15    Designating Party:  a Party or Non-Party that designates information

22 or items that it produces in disclosures or in responses to discovery as

23 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24 ONLY."

25      2.16    Challenging Party: a Party or Non-Party that challenges the

26 designation of information or items under this Order.

27

28

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4.    DESIGNATING PROTECTED MATERIAL**

4.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions

thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify within thirty (30) days after the deposition, hearing, or other proceeding the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition, hearing, or proceeding, or up to thirty (30) days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

4.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make

1 reasonable efforts to assure that the material is treated in accordance with the
2 provisions of this Order.

3    **5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4    If at any time during the pendency of this action, the Party seeking to use
5 the Protected Materials claims that the Designating Party has unreasonably
6 designated the information as "CONFIDENTIAL" or "HIGHLY
7 CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to Local Rule 37,
8 the Party seeking to use the Protected Materials may request that the Court re-
9 designate or exclude from the provisions of this Protective Order the Protected
10 Materials at issue.  The parties must set forth good cause in the stipulation or ex
11 parte application as to why the Joint Stipulation or portions thereof should be filed
12 under seal.

13    **6.    ACCESS TO AND USE OF PROTECTED MATERIAL**

14    6.1    Basic Principles.  A Receiving Party may use Protected Material that
15 is disclosed or produced by another Party or by a Non-Party in connection with this
16 case only for prosecuting, defending, or attempting to settle this litigation.  Such
17 Protected Material may be disclosed only to the categories of persons and under the
18 conditions described in this Order.  When the litigation has been terminated, a
19 Receiving Party must comply with the provisions of section 12 below (FINAL
20 DISPOSITION).

21    (a)    Protected Material must be stored and maintained by a Receiving
22 Party at a location and in a secure manner that ensures that access is limited to the
23 persons authorized under this Order.

24    6.2    Filing of Protected Materials in the Public Record.  Any information
25 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
26 ATTORNEYS' EYES ONLY" may be used in any proceeding in this action,
27 including, if otherwise permissible, as evidence at any hearing or the trial of the
28

action, in open court, or on appeal, without violation of this Order, provided that the party that seeks to use the Protected Material must first confer with the Designating Party to determine whether the Designating Party will remove the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, whether the Protected Material can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  The Party seeking to use the Protected Material in any manner described in this paragraph shall provide the Designating Party with at least 5 days' notice of the desired use of the Protected Material, unless an order of the court requires a Party to respond to a matter before the expiration of the 5 days, in which case, the Party seeking to use the Protected Material shall provide reasonable notice, to be no less than 2 court days prior to the Court's response deadline.

If the Designating Party objects to the use of the Protected Material and the Parties cannot otherwise resolve the issue, or if the Party seeking to use the Protected Material is unable to provide advance notice, the Party seeking to use the Protected Material shall apply for a court order authorizing the sealing of the specific Protected Material at issue.  Any such request shall show good cause for the under seal filing and is subject to approval by the Court pursuant to Local Rule 79.  If a request to file Protected Material under seal pursuant to Local Civil Rule 79 is denied by the Court, then the Party seeking to use the Protected Material may file the information in the public record, unless otherwise instructed by the Court.

Once the case proceeds to trial, all of the court-filed information that was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or kept and maintained pursuant to the terms of this Stipulated Protective Order becomes public and will be presumptively available to all members of the public, unless "compelling reasons" supported by

1  specific factual findings to proceed otherwise are made to the District Court Judge
2  in advance of the trial.

3      6.3    Disclosure of "CONFIDENTIAL" Information or Items.  Unless
4  otherwise ordered by the court or permitted in writing by the Designating Party, a
5  Receiving Party may disclose any information or item designated
6  "CONFIDENTIAL" only to:

7      (a)    the Receiving Party's Outside Counsel of Record in this action, as
8  well as employees of said Outside Counsel of Record to whom it is reasonably
9  necessary to disclose the information for this litigation and who have signed the
10 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
11 A;

12     (b)    the officers, directors, and employees (including House Counsel) of
13 the Receiving Party to whom disclosure is reasonably necessary for this litigation
14 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
15 A);

16     (c)    Experts of the Receiving Party to whom disclosure is reasonably
17 necessary for this litigation and who have signed the "Acknowledgment and
18 Agreement to Be Bound" (Exhibit A);

19     (d)    the Court and its personnel;

20     (e)    court reporters and their staff, professional jury or trial consultants,
21 mock jurors, and Professional Vendors to whom disclosure is reasonably necessary
22 for this litigation and who have signed the "Acknowledgment and Agreement to Be
23 Bound" (Exhibit A);

24     (f)    during their depositions, witnesses in the action to whom disclosure is
25 reasonably necessary and who have signed the "Acknowledgment and Agreement
26 to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or
27 ordered by the court.  Pages of transcribed deposition testimony or exhibits to

28

1   depositions that reveal Protected Material, as identified by a Designated Party

2   under subdivision 5.2(b), must be separately bound by the court reporter and may

3   not be disclosed to anyone except as permitted under this Stipulated Protective

4   Order.

5       (g)   the author or recipient of a document containing the information or a

6   custodian or other person who otherwise possessed or knew the information.

7       (h)   any other person agreed to by the Parties in writing.

8       6.4   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9   ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted

10   in writing by the Designating Party, a Receiving Party may disclose any

11   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

12   EYES ONLY" only to:

13       (a)   the Receiving Party's Outside Counsel of Record in this action, as

14   well as employees of said Outside Counsel of Record to whom it is reasonably

15   necessary to disclose the information for this litigation and who have signed the

16   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

17   A;

18       (b)   Experts of the Receiving Party (1) to whom disclosure is reasonably

19   necessary for this litigation, (2) who have signed the "Acknowledgment and

20   Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth

21   in paragraph 7.4(a)(2), below, have been followed;

22       (c)   the Court and its personnel;

23       (d)   court reporters and their staff, professional jury or trial consultants,

24   and Professional Vendors to whom disclosure is reasonably necessary for this

25   litigation and who have signed the "Acknowledgment and Agreement to Be

26   Bound" (Exhibit A); and

27

28

1    (e)    the author or recipient of a document containing the information or a

2  custodian or other person who otherwise possessed or knew the information.

3    6.5    Procedures for Approving or Objecting to Disclosure of "HIGHLY

4  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to

5  Experts.

6    (a)(1)    Unless otherwise ordered by the court or agreed to in writing by the

7  Designating Party, a Party that seeks to disclose to an Expert any information or

8  item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

9  EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the

10  Designating Party that (1) identifies the general categories of "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving

12  Party seeks permission to disclose to the Expert, (2) sets forth the full name of the

13  Expert and the city and state of his or her primary residence, (3) attaches a copy of

14  the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

15  identifies each person or entity from whom the Expert has received compensation

16  or funding for work in his or her areas of expertise or to whom the expert has

17  provided professional services, including in connection with a litigation, at any

18  time during the preceding five years,[1] and (6) identifies (by name and number of

19  the case, filing date, and location of court) any litigation in connection with which

20  the Expert has offered expert testimony, including through a declaration, report, or

21  testimony at a deposition or trial, during the preceding five years.[2]

---

23  [1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-

24  party, then the Expert should provide whatever information the Expert believes can be
   disclosed without violating any confidentiality agreements, and the Party seeking to disclose

25  to the Expert shall be available to meet and confer with the Designating Party regarding any
   such engagement.

26  [2] It may also be appropriate in certain circumstances to restrict the Expert from undertaking
   certain limited work prior to the termination of the litigation that could foreseeably result in

27  an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS'

28  EYES ONLY" information.

1   (b)     A Party that makes a request and provides the information specified in

2   the preceding respective paragraphs may disclose the subject Protected Material to

3   the identified Expert unless, within 14 days of delivering the request, the Party

4   receives a written objection from the Designating Party.  Any such objection must

5   set forth in detail the grounds on which it is based.

6   (c)     A Party that receives a timely written objection must meet and confer

7   with the Designating Party (through direct voice to voice dialogue) to try to resolve

8   the matter by agreement within seven days of the written objection.  If no

9   agreement is reached, the Party seeking to make the disclosure to the Expert may

10   file a motion seeking permission from the court to do so.  Any such motion must

11   describe the circumstances with specificity, set forth in detail the reasons why the

12   disclosure to the Expert is reasonably necessary, assess the risk of harm that the

13   disclosure would entail, and suggest any additional means that could be used to

14   reduce that risk.  In addition, any such motion must be accompanied by a

15   competent declaration describing the Parties' efforts to resolve the matter by

16   agreement (i.e., the extent and the content of the meet and confer discussions) and

17   setting forth the reasons advanced by the Designating Party for its refusal to

18   approve the disclosure.

19   In any such proceeding, the Party opposing disclosure to the Expert shall

20   bear the burden of proving that the risk of harm that the disclosure would entail

21   (under the safeguards proposed) outweighs the Receiving Party's need to disclose

22   the Protected Material to its Expert.

23   **7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED**

24   **PRODUCED IN OTHER LITIGATION**

25   If a Party is served with a subpoena or a court order issued in other

26   litigation that compels disclosure of any information or items designated in this

27   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

28

1    EYES ONLY" that Party must:

2         (a)    notify the Designating Party's Outside Counsel of Record in writing

3    within five days of receipt of the subpoena or court order.  Such notification shall

4    include a copy of the subpoena or court order ;

5         (b)    notify the party who caused the subpoena or order to issue in the other

6    litigation in writing within five days of receipt of the subpoena or a court order that

7    some or all of the material covered by the subpoena or order is subject to this

8    Protective Order.  Such notification shall include a copy of this Stipulated

9    Protective Order; and

10        (c)    cooperate with respect to all reasonable procedures sought to be

11   pursued by the Designating Party whose Protected Material may be affected.

12        If the Designating Party intends to seek a protective order, it must so notify

13   the Party served with the subpoena or court order within 14 days of notice by the

14   latter of the subpoena or court order.  The Party served with the subpoena or court

15   order shall not produce any information designated in this action as

16   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17   ONLY" before a determination by the court from which the subpoena or order

18   issued, unless the Party has obtained the Designating Party's permission.  The

19   Designating Party shall bear the burden and expense of seeking protection in that

20   court of its confidential material—and nothing in these provisions should be

21   construed as authorizing or encouraging a Receiving Party in this action to

22   disobey a lawful directive from another court.

23       **8.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

24   **PRODUCED IN THIS LITIGATION**

25        (a)    The terms of this Order are applicable to information produced by a

26   Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

27   CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced

28

by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  notify the Requesting Party's Outside Counsel of Record and the Non-Party in writing within five days of receipt the request that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested within five days of receipt the request; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must (a) within two court days of learning of the unauthorized disclosure notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Notification by electronic mail with hard copy by U.S. mail to Outside Counsel of Record shall be considered notification in writing as required by paragraph 10(a).

## 10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL AND CLAWBACK

Pursuant to Federal Rule of Evidence 502(d), any inadvertent production of any privileged communication or information ("Privileged Information") shall not constitute a waiver of any associated privilege (e.g., attorney-client privilege, work product, etc.) nor result in a subject matter waiver of any kind.  In the event the Producing Party learns that Privileged Information has been inadvertently produced, the Producing Party shall immediately notify the Receiving Party and the Receiving Party shall immediately return the Privileged Information (all hard and electronic copies) to the Producing Party and act pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(e), this

1  agreement with respect to the effect of disclosure of Privileged Information is
2  hereby incorporated into this Order.

3  **11.    MISCELLANEOUS**

4  11.1   Right to Further Relief.  Nothing in this Order abridges the right of
5  any person to seek its modification by the court in the future.

6  11.2   Right to Assert Other Objections.  By stipulating to the entry of this
7  Protective Order no Party waives any right it otherwise would have to object to
8  disclosing or producing any information or item on any ground not addressed in
9  this Stipulated Protective Order.  Similarly, no Party waives any right to object on
10  any ground to use in evidence of any of the material covered by this Protective
11  Order.

12  **12.    FINAL DISPOSITION**

13  Within 60 days after the final disposition of this action, as defined in
14  paragraph 4, each Receiving Party must return all Protected Material to the
15  Producing Party or destroy such material.  As used in this subdivision, "all
16  Protected Material" includes all copies, abstracts, compilations, summaries, and
17  any other format reproducing or capturing any of the Protected Material.
18  Whether the Protected Material is returned or destroyed, the Receiving Party must
19  submit a written certification to the Producing Party (and, if not the same person or
20  entity, to the Designating Party) by the 60 day deadline that (1) identifies (by
21  category, where appropriate) all the Protected Material that was returned or
22  destroyed and (2) affirms that the Receiving Party has not retained any copies,
23  abstracts, compilations, summaries or any other format reproducing or capturing
24  any of the Protected Material.  Notwithstanding this provision, Outside Counsel of
25  Record are entitled to retain an archival copy of all pleadings, motion papers, trial,
26  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

27
28

1  and trial exhibits, expert reports, attorney work product, and consultant and expert

2  work product, even if such materials contain Protected Material.

3

4  IT IS SO ORDERED.

5

6  DATED:  October 1, 2014  _____

7                                                      Honorable Paul L. Abrams
                                                        United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

acknowledge and declare that I have received a copy of the Stipulated Protective

Order entered by the Court in the lawsuit entitled *Public Storage v. Sprint Nextel

Corporation, et al,* Case No. 2:14-cv-02594-GW (PLAx), pending the United

States District Court for the Central District of California ("Order") and understand

that information and/or documents designated as "Confidential" or "Confidential –

Attorneys Eyes Only" may be provided to me pursuant to the terms, conditions and

restrictions of the Order.

Under penalty of perjury, I declare that I have read the Order in its entirety,

understand the terms of the Order, and agree to be bound by the terms of the Order.

I also agree to subject myself to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of

this Order, even if such enforcement proceedings occur after termination of this

action.

DATED: _____      By: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER